UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URIEL GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CRUZ COUNTY JAIL SHERIFF'S ADMINISTRATION, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-08691-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a detainee, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*.

## DISCUSSION

### Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

1  cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to
2  raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
3  U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is
4  plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile
5  legal conclusions can provide the framework of a complaint, they must be supported by factual
6  allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
7  veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*
8  *v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff states that he received inadequate medical care at Santra Cruz County Jail.

A claim for a violation of a detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. For the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id*. (citations and internal quotation marks omitted). A lack of due care by a state official is not enough. *See Alexander v. Nguyen*, 78F.4th 1140, 1144-46 (9th Cir. 2023). The four-part test

2

articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent – something akin to reckless disregard. *Gordon*, 888 F.3d at 1125.

Plaintiff states that on June 24, 2024, he had a fainting episode and hit his head on a metal bar that caused serious injuries. He was treated by medical staff but alleges that they did not follow proper procedures. As a result of the inadequate medical care, he is suffering from head pain, migraines, blurry vision, sensitivity to light and sound, difficulty sleeping, dizziness, pressure in his skull, and fainting episodes.

Plaintiff names as Defendants, NaphCare which contracts to provide medical care at the jail, Dr. Fratianni, Nurse Hewitt, Santa Cruz County Sherif's Office, Chief Freitas, and Santa Cruz County. Yet, Plaintiff fails to describe the specific actions of the Defendants and how they provided inadequate medical care. The complaint is dismissed with leave to amend. While Plaintiff appears to state a claim, he must identify the actions of the specific Defendants and describe how they provided inadequate medical care and how it violated his constitutional rights.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//

**IT IS SO ORDERED.**

Dated: February 10, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT M. ILLMAN
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge